Robert CAMPBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 53586.

Court of Criminal Appeals of Texas,
En Banc.

July 19, 1978.

State's Motion for Rehearing En Banc
Denied Oct. 11, 1978.

Ray Stevens, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and William Tyler Moore, Jr., Asst. Dist. Attys., Bryan, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed by the jury at nine years.

Appellant contends the trial court erroneously refused to charge the jury on the lesser included offense of theft. The issue was preserved by proper objection and the court's ruling. The State and appellant agree that the victim testified to facts showing aggravated robbery and that appellant testified to facts showing theft. The issue upon which this appeal turns is whether theft is a lesser included offense of aggravated robbery *in this case.*

Article 37.09(1), V.A.C.C.P., provides:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; . . ."

In applying this provision in *Hazel v. State,* Tex.Cr.App., 534 S.W.2d 698, the Court wrote:

". . . the proof that appellant's pistol was on the floorboard of the automobile established both that he carried it 'on or about his person' and that he 'possessed' it. . . . *Since the two are provable by the same facts,* the provisions of Article 37.09, Vernon's Ann.C.C.P., are satisfied.

"The same reasoning applies to the last remaining distinction between the two offenses. The offense charged, under V.T.C.A. Penal Code, Sec. 46.05, involved possession of a 'firearm, namely a pistol,' while V.T.C.A. Penal Code, Sec. 46.02, speaks of possession of 'a handgun, illegal knife, or club.' The definition of 'handgun' in V.T.C.A. Penal Code, Sec. 46.01, is 'any *firearm* that is designed, made, or adapted to be fired with one hand.' (Em-

phasis Supplied) Again, it is evident that *the lesser offense and the offense charged are capable of proof by the same fact* that appellant had in his automobile a .38 caliber revolver." (Emphasis added.)

In *Hazel v. State,* supra, the defendant's conviction for the lesser included offense was held proper on the basis of the above quoted analysis of whether Art. 37.09, supra, applied. That same analysis which upheld the conviction in *Hazel,* applied to the case at bar, requires reversal.

The State in its brief confuses the statutory elements of the definition of an offense with the evidentiary facts required to prove the offense charged. An indictment must charge acts constituting an offense. The facts here charged included the statutory element "in the course of committing theft." Although under its statutory definition this element may be proven by one of several alternative means, not all of which require proof of a completed theft, the offense charged here, as shown by the State's evidence, did rest on proof of a completed theft. The State's version of the events and appellant's version differed on only one material point: whether the theft was accompanied by acts constituting aggravated robbery. Appellant testified only a theft was committed; the State also relies on proof of the theft, and such additional facts as raise the crime to aggravated robbery. The theft was without question proven within the facts relied on by the State to make its case of aggravated robbery. Theft was a lesser included offense of aggravated robbery on the facts here.

The issue is not whether the primary offense is capable of proof on some theory that would not show theft. The issue is whether the State's case as presented to prove the offense charged included proof of theft. The record shows theft was included in the proof of the State's case, and therefore appellant was entitled, on the basis of his testimony, to submission of the lesser included offense of theft. The trial court's adverse ruling on his objection to the charge was reversible error.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

ROBERTS, Judge, dissenting.

I dissent from the majority's conclusion that theft is a lesser included offense of aggravated robbery under Article 37.09(1), Vernon's Ann.C.C.P. The majority fails to logically analyze the problem. I shall endeavor to explain, in a logical fashion, why the statutes dictate that the appellant's contention is without merit.

The evidence reflects that on April 30, 1975, Hilaria Gonzales left the Value King Supermarket with two bags of groceries. As she approached her car, the appellant came up to her and asked her if he could help her. She replied, "No, sir. Thank you so much." The appellant repeated his request and then pointed a pistol at Gonzales. The appellant told Gonzales to "shut up" and to give him her purse. The appellant repeated his demand and then fired a shot at Gonzales. The shot missed Gonzales, and the appellant then grabbed Gonzales' purse. The appellant wrested the purse away from Gonzales and began to run away.

The appellant was pursued by Gonzales. Gonzales' screams for help attracted the attention of Charles Radcliff. Radcliff chased the appellant and ultimately captured the appellant. A gun was found on the sidewalk near where Radcliff caught the appellant.

The appellant took the stand in his own behalf and admitted stealing Gonzales' purse. However, he denied that he had used a gun in the commission of the offense, that he had ever seen the gun he allegedly used during the robbery, or that he threatened Gonzales.

The appellant contends that the trial judge erred by refusing to charge the jury on the issue of theft, as requested by the appellant. The appellant asserts that theft is a lesser included offense of aggravated robbery under Article 37.09(1), (2) and (3), Vernon's Ann.C.C.P., and that the trial judge was obligated to charge the jury on

the issue of theft as there was defensive evidence raising the issue.[1]

Article 37.09(1), (2) and (3), Vernon's Ann.C.C.P. provides that:

"An offense is a lesser included offense if:

"(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

"(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

\* \* \*"

The appellant was charged with aggravated robbery under V.T.C.A., Penal Code, Sections 29.02(a)(2) and 29.03(a)(2). V.T.C.A., Penal Code, Sections 29.01–.03 provide:

Sec. 29.01: "In this chapter:

"(1) 'In the course of committing theft' means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.

"(2) 'Property means:

(A) tangible or intangible personal property including anything severed from land; or

(B) a document, including money, that represents or embodies anything of value."

Sec. 29.02:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

"(b) An offense under this section is a felony of the second degree."

Sec. 29.03:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he:

(1) causes serious bodily injury to another; or

(2) uses or exhibits a deadly weapon.

"(b) An offense under this section is a felony of the first degree."

Thus, it is obvious that aggravated robbery can be committed in one of four ways where, in each instance, the accused, while in the course of committing theft and with intent to obtain or maintain control of property, (1) intentionally, knowingly, or recklessly causes bodily injury to another and the bodily injury is serious [Sec. 29.02(a)(1) and Sec. 29.03(a)(1)]; (2) intentionally, knowingly, or recklessly causes bodily injury to another and a deadly weapon is used or exhibited by the accused [Sec. 29.02(a)(1) and Sec. 29.03(a)(2)]; (3) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and the accused causes serious bodily injury to another [Sec. 29.02(a)(2) and Sec. 29.-03(a)(1)]; and (4) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death and a deadly weapon is used or exhibited by the accused [Sec. 29.02(a)(2) and Sec. 29.03(a)(2)]. Compare *Ex parte Cannon,* 546 S.W.2d 266, 271–274 (Tex.Cr.App.1976) (Opinion on State's Motion for Rehearing).

The offense of theft was defined at the time of the offense by V.T.C.A., Penal Code, Section 31.03, as follows:

"(a) A person commits an offense if, with intent to deprive the owner of property:

(1) he obtains the property unlawfully; or

(2) he exercises control over the property, other than real property, unlawfully.

---

1. The State's admission that the appellant's testimony was sufficient to raise the issue is supported by the record. See *Sargent v. State,* 518 S.W.2d 807 (Tex.Cr.App.1975).

"(b) Obtaining or exercising control over property is unlawful if:

(1) the actor obtains or exercises control over the property without the owner's effective consent; or

(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."

Thus, the offense of theft could have been committed in one of four ways where, in each instance, the accused, with intent to deprive the owner of property (1) obtains the property without the owner's effective consent [Sec. 31.03(a)(1) and Sec. 31.03(b)(1)]; (2) obtains the property, which is stolen property, from another knowing it was stolen [Sec. 31.03(a)(1) and Sec. 31.03(b)(2)]; (3) exercises control over property, other than real property, without the owner's effective consent [Sec. 31.03(a)(2) and Sec. 31.03(b)(1)]; and (4) exercises control over property, other than real property, which is stolen property obtained by another, knowing it was stolen [Sec. 31.03(a)(2) and Sec. 31.03(b)(2)]. See *Ex parte Cannon,* supra. The appellant's requested charge specified the first mode of theft stated above as the lesser included offense of aggravated robbery. Thus, the specific issue presented is whether the offense of theft as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1) is a lesser included offense of aggravated robbery as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2). This question can be resolved only by considering each of the three tests paid out by Article 37.09, Vernon's Ann.C.C.P., relied upon by the appellant.[2]

First, Article 37.09(1) provides that "[a]n offense is a lesser included offense if it is established by proof of the same or less than all the facts *required* to establish the commission of the *offense charged*." (Emphasis added). *See Day v. State,* 532 S.W.2d 302, 310 (Tex.Cr.App.1976) (Opinion on State's Motion for Rehearing).

The elements of aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2) and alleged in the indictment, are as follows:

(1) A person

(2) while in the course of committing theft,

(3) with the intent to obtain and maintain control of property,

(4) intentionally and knowingly threatened and placed the complainant in fear of imminent bodily injury and death,

(5) by using and exhibiting a deadly weapon.

The elements of the theft which, according to the appellant, constituted a lesser included offense of the aggravated robbery charged in the indictment are as follows:

(1) A person

(2) with intent to deprive the owner of property,

(3) obtains the property

(4) without the owner's effective consent.

An examination of the elements of the aggravated robbery charged and the theft which allegedly constituted the lesser included offense reveals that theft is not established by proof of the same or less than all of the facts *required* to prove the aggravated robbery charged in the indictment. Theft requires proof that the accused obtained the property and that it was obtained without the effective consent of the owner. Aggravated robbery, however, does not necessarily *require* proof of these elements.[3] This conclusion stems from the

---

**2.** The appellant does not rely upon Article 37.09(4) Vernon's Ann.C.C.P., which provides that an offense is a lesser included offense if "it consists of an attempt to commit the offense charged or an otherwise included offense." Since the appellant does not rely upon Article 37.09(4), Vernon's Ann.C.C.P., I have not addressed the issue of whether theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1) is a lesser included offense of aggravated robbery as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2) pursuant to Article 37.09(4), Vernon's Ann.C.C.P.

**3.** The majority opinion states that "[t]he issue is not whether the primary offense is capable of proof of some theory that would not show theft. The issue is whether the State's case *as presented* to prove the offense charged included proof of theft." (Emphasis added).

requirement that the acts constituting the robbery must be committed during the course of committing theft and that the definition of "in the course of committing theft" ". . . means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." V.T.C.A., Penal Code, Sec. 29.01(1). Thus, an aggravated robbery can be proved without proof that a theft actually occurred. It logically follows that theft is not *necessarily* established by proof of the same or less than all the facts *required* to establish aggravated robbery since theft can require proof of more facts than those required to prove aggravated robbery. I therefore conclude that theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1), is not a lesser included offense of aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2), under Article 37.09(1), Vernon's Ann.C.C.P.

Second, Article 37.09(2) provides that "[a]n offense is a lesser included offense if it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establishes its commission." Theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1), requires that the accused obtain the victim's property. Aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2), does not require that the accused obtain the victim's property. *Johnson v. State,* 541 S.W.2d 185 (Tex.Cr.App.1975). Thus, although it is clear that aggravated robbery involves a more serious risk of injury to the victim than theft, it is equally clear that theft involves a more serious risk of injury to the victim's property than aggravated robbery. Therefore, theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1), is not a lesser

included offense of aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2), under Article 37.09(2).

Third, Article 37.09(3) provides that "[a]n offense is a lesser included offense *if it* differs from the offense charged *only* in the respect that a less culpable mental state suffices to establish its commission." (Emphasis added). The differences between aggravated robbery and theft referred to above in connection with Article 37.09(1) and (2) demonstrate that any difference between the culpable mental state of theft and the culpable mental state of aggravated robbery is not the only difference between theft and aggravated robbery. Therefore, theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1), is not a lesser included offense of aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2), under Article 37.09(3).

I therefore conclude that theft, as defined by Sec. 31.03(a)(1) and Sec. 31.03(b)(1), is not a lesser included offense of aggravated robbery, as defined by Sec. 29.02(a)(2) and Sec. 29.03(a)(2), under Article 37.09(1), (2) or (3). I would overrule the appellant's first contention.

On the basis of the foregoing, I dissent from the majority opinion. The judgment should be affirmed.

PHILLIPS and W. C. DAVIS, JJ., join in this dissent.

The foregoing statement by the majority reveals that the majority has ignored the plain—indeed clear—wording of Article 37.09(1), Vernon's Ann.C.C.P., that an offense is a lesser included offense if "it is established by proof of the same or less than all the facts *required* to establish the commission of the offense charged." (Emphasis added). Thus, the majority, by judicial legislation, is eliminating the word "*required*" from Article 37.09(1) so as to interject its own predilection that theft *should be* a lesser included offense of aggravated robbery. While this *may be* a commendable *result,* I cannot condone the majority's method of achieving it. Intellectual honesty dictates the approach I have undertaken, and were this Court to interject their predilections into its opinions, we would quickly usurp the Legislature's function.