**Jack SANDERS, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. A14–81–040–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1982.

Jerald L. Kendrick, Houston, for appellant.

James Brough, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

PRICE, Justice.

This is an appeal from a conviction for aggravated robbery. The jury found the appellant guilty of the offense and assessed his punishment at eighteen years imprisonment. Appellant asserts three grounds of error. We affirm.

The evidence presented at trial established that on July 5, 1979, at approximately 2:00 A.M. the two complainants were waiting for a taxi when two men approached them, one armed with a knife and one armed with a pistol. At trial both complainants identified the appellant as the one who held the pistol and demanded their money during the course of the robbery. One of the complainants threw down his money and then both complainants ran with the appellant and the fourth individual in pursuit. The complainants sighted a patrol car and ran toward it, screaming in Spanish about the robbery at which time the appellant and the fourth individual ran in opposite directions. One of the police officers was able to capture appellant after a brief chase on foot, but the fourth individual escaped and was never apprehended. After appellant was captured, the officers searched him and found a pistol in his boot

and the complainant's money in his pocket. The pistol found on the appellant along with its clip and four .380 caliber hollow point bullet shells which was introduced by the State and admitted into evidence was identified positively as the gun used in the robbery by the complainant whose money was taken. Initially the other complainant testified that the State's exhibit was the one used in the robbery; on cross-examination he testified that he could not be certain the gun was the exact one used but that it was the same size as the gun used in the robbery.

The appellant took the stand and testified in his behalf. He testified that he had been drinking earlier in the evening and at 1:30 A.M. he went to a hamburger joint where he met his friend Tony Rodriguez. Appellant further testified that he and Rodriguez started walking toward appellant's apartment and passed the two complainants. According to appellant's testimony, Rodriguez, all to the utter surprise of appellant, drew a pistol and demanded the complainants' money. Appellant claimed he knew nothing about the robbery in advance or even that Rodriguez had a gun in his possession. He further testified that he picked up the complainant's money after Rodriguez had told him to do so, that he got scared and ran, but he did not chase the complainants or draw his weapon at any time.

█ Appellant, in his first ground of error, asserts that the trial court committed reversible error by failing to submit to the jury appellant's special requested charge on the lesser included offense of theft. Appellant argues that his testimony alone is sufficient to raise the issue on the lesser included offense of theft; therefore, a charge on theft as a lesser included offense of aggravated robbery was required. *Campbell v. State,* 571 S.W.2d 161 (Tex.Cr.App. 1978). Theft is a lesser included offense of aggravated robbery, but a charge on theft is not required in every prosecution for aggravated robbery. *Eldred v. State,* 578 S.W.2d 721, 722 (Tex.Cr.App.1979). There-

fore, necessity for a charge on theft as a lesser included offense of aggravated robbery must be determined on a case-by-case basis. *Eldred v. State, supra* at 721. In *Campbell,* unlike the instant case, the State and appellant agreed that the appellant's testimony was sufficient to raise the issue of the lesser included offense. *Campbell v. State, supra* at 163. Unlike both *Campbell* and *Eldred,* in the instant case it was undisputed an aggravated robbery occurred and the court in this case charged the jury on the law of parties pursuant to Tex.Penal Code Ann. § 7.02(a)(2) (Vernon 1974).

■ In determining whether an individual is a party to an offense and bears criminal responsibility therefore, the court may look to events before, during, and after the offense. *Wygal v. State,* 555 S.W.2d 465, 468–469 (Tex.Cr.App.1977). Mere presence alone will not constitute one a party to an offense. *Ex parte Prior,* 540 S.W.2d 723, 727 (Tex.Cr.App.1976). Nevertheless, it is a circumstance tending to prove that a person is a party to the offense and when taken with other facts may be sufficient to show he was a participant. *Ex parte Prior, supra.* In the instant case appellant admitted to complying with the instruction given by Rodriguez by picking up the money the complainant had thrown down at gunpoint. It was undisputed an aggravated robbery occurred and appellant does not contend he picked up the money under duress. According to the State, appellant fled when he saw the police officers and had to be chased by the officers in order to be detained. Appellant was caught with a pistol and the complainant's money on his person. At trial both complainants identified appellant as the robber who drew the pistol. Appellant's version of the facts indicated his guilt for aggravated robbery under the law of parties as charged. This is because he intentionally assisted and aided his friend Rodriguez in taking the money and he knew a gun was used. We do not believe that appellant's testimony raised the issue of theft only, and we conclude the trial court properly refused to charge on the lesser included offense of theft. Appellant's first ground of error is overruled.

■ Appellant secondly complains that the trial court committed reversible error by denying appellant's requested charge to allow a finding of true or not true by the jury of the enhancement paragraph included in the charge on punishment. The record reflects that the judgment and sentence of appellant's prior conviction for aggravated robbery was properly authenticated by appellant's own testimony and appellant was also identified with them by photographic and fingerprint evidence, and that this penitentary packet was admitted into evidence at the guilt or innocence stage of the trial; therefore, the State carried its burden of showing the previous felony conviction. *Tinney v. State,* 578 S.W.2d 137, 139 (Tex.Cr.App.1979). "When the State offers exhibits and evidence showing prima facie a final prior conviction alleged in the indictment, the burden of proof shifts to the accused to show the lack of finality of such conviction." *Lewis v. State,* 501 S.W.2d 88, 90 (Tex.Cr.App.1973). In the instant case the appellant raised no issue of fact as to the truth of the enhancement paragraph and the State made its prima facie case as to the truth of the prior conviction by virtue of appellant's own testimony. The State re-offered this testimony at the punishment stage without objection. Appellant, by requesting a special charge, did not place in issue the validity of the enhancement paragraph when he had testified that he was the same person previously convicted and the penitentiary packet was admitted into evidence. Appellant's second ground of error is overruled.

■ Thirdly, appellant asserts that the trial court erred by overruling appellant's motion for a mistrial on the grounds that the interpreter did not do a fair and accurate job of interpreting. The complainants in the instant case did not speak English; therefore, an interpreter was appointed to interpret their testimony. Tex.Code Crim. Pro.Ann. art. 38.30 (Vernon 1979). The appellant spoke both fluent English and Spanish. No complaint was made by the appellant as to the interpreter until the trial was

substantially completed. Appellant asserts that because of inaccurate interpretation a conflict arose as to where the parties met and the position of the parties during the alleged crime. The State points out the testimony of the complainants was heard in conjunction with a blackboard diagram as a referent. The appellant here, unlike the defendant in, for example, *Baltierra v. State,* 586 S.W.2d 553 (Tex.Cr.App.1979), spoke English. Therefore, the question is whether there are inaccuracies which could have misled the jury. *Vindel v. State,* 537 S.W.2d 264 (Tex.Cr.App.1976). After reviewing the record which does not contain anything but the actual translation, we are unable to conclude that any inaccuracies were presented which could have misled the jury. Appellant's third ground of error is overruled.

■ A pro se brief was filed in this case in addition to counsel's brief. There is no right to hybrid representation. *Landers v. State,* 550 S.W.2d 272, 280 (Tex.Cr.App. 1977). Our examination of the contentions asserted in the pro se brief reveals no error that should be considered in the interest of justice. Tex.Code Crim.Pro. art. 40.09 § 13 (Vernon 1979); *Rudd v. State,* 616 S.W.2d 623, 625 (Tex.Cr.App.1981).

The judgment is affirmed.