**Robert Lee SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 63900.

Court of Criminal Appeals of Texas, En Banc.

Dec. 22, 1982.

On Rehearing Jan. 4, 1984.

Rehearing Denied March 14, 1984.

Frank R. Hughes, Liberty, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Mollie Childs, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

### OPINION

ODOM, Judge.

This is an appeal from a conviction for theft from the person. V.T.C.A, Penal Code Sec. 31.03(d)(4)(B). Punishment was assessed at ten years.

In his only ground of error appellant argues reversible error was committed when the trial court refused his requested charge on misdemeanor theft of property with value of five dollars or more but less than $20. V.T.C.A., Penal Code Sec. 31.03(d)(2)(A). Evidence showed the value of the property taken to be about $19. The State's evidence showed appellant took the property from the person of the complainant as he was entering a bank. This conduct constitutes a third degree felony under Sec. 31.-03(d)(4)(B), supra.

Appellant testified to a different set of facts. He admitted taking the property, but claimed he found it on the steps of the bank and did not take it from the person of the complainant or even know to whom it belonged. He testified he did steal the property and admitted he intended to deprive the true owner of the property. The issue is whether this testimony warranted submission of a charge on theft of property, a class B misdemeanor under Sec. 31.-03(d)(2)(A), supra.

The State advances three arguments to support its position that no error resulted from refusal of the requested charge. First, the State argues that value of the property is a jurisdictional element and must be alleged for a prosecution under Sec. 31.03(d)(2)(A), supra, and that because no such allegation was made in this prosecution under Sec. 31.03(d)(4)(B), there was no jurisdiction for submission of the charge requested. While it is true "An indictment or information should allege every fact which may affect the degree or kind of punishment," *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.); *Wilson v. State,* 520 S.W.2d 377 (Tex.Cr.App.); this rule of law does not prohibit conviction for an offense included in the offense properly alleged merely because the elements of the included offense are not all set out in the indictment. See *Day v. State,* 532 S.W.2d 302, 314–316 (Tex.Cr.App.). The indictment in this case properly alleged all facts necessary to establish the punishment for theft under Sec. 31.03(d)(4)(B), supra, and to invoke jurisdiction of the district court. The court therefore had jurisdiction to charge the jury and render judgment on any offense bearing a proper relationship to the alleged offense, Arts. 37.08, 37.09, V.A.C.C.P., even if the elements are not alleged in the indictment, subject to any objection by the defendant on grounds of insufficient notice. See *Day,* supra, at footnote 7. The State's first con-

tention is without merit. This brings us to the State's second contention, which is that theft under Sec. 31.03(d)(2)(A) is not a lesser included offense of theft from the person, and the charge was for this reason properly denied.

The central point of the State's second argument is: " 'Theft,' if taken to mean theft by appropriation with a value alleged for jurisdiction of the subject matter and value proved for punishment, is not a lesser included offense to theft from [the] person." The argument relies on the fact that theft from the person is a third degree felony under Sec. 31.03(d)(4)(B) regardless of the value of the property, while conviction under the charge requested by appellant would require proof of value. This, reasons the State, shows that additional proof is required for conviction under Sec. 31.03(d)(2)(A) than is required under Sec. 31.03(d)(4)(B). While this argument may have merit with respect to whether a charge under Sec. 31.03(d)(2)(A) would be authorized as a lesser included offense under Art. 37.09(1), V.A.C.C.P., the argument is without merit when Art. 37.09(2) is considered. That part of the statute provides:

"An offense is a lesser included offense if:

" . . .

"(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

" . . ."

The offense alleged and proven by the State and the offense admitted by appellant when he testified differ only in the "less serious injury or risk of injury to the same person," i.e., to the owner of the property. Theft from the person includes a risk of injury to the person from whom the property is taken that is not present when theft is committed by taking property from the sidewalk, as appellant testified the facts to have been. Injury resulting from deprivation of the value of the property is the same in both instances even though proof of the value is not required to establish theft from

the person. Conviction for theft under Sec. 31.03(d)(2)(A) may be a lesser included offense of theft from the person. The State's second argument is without merit.

This brings us to the State's last argument, which is that under the facts of this case the issue was not raised. The State relies on testimony elicited from appellant during cross-examination, that when he picked up the property he did not know how long it had been there or where the owner might be. The State contends this shows that appellant admitted finding what he thought to be abandoned property and that abandoned property, belonging to no one, cannot be the object of a theft. Abandonment, however, depends on an intentional relinquishment by the abandoning owner. 1 T.J.3rd Abandoned Property § 1. The property here was not abandoned. Had appellant testified that he believed the property had been abandoned, he would have been entitled to a charge on mistake of fact. V.T.C.A., Penal Code Sec. 8.02. Appellant, however, did not testify that he thought the owner had abandoned the property. The closest he came was during cross-examination when he said he thought it was lost property. Lost property is not the result of an intentional relinquishment, and thus is not abandoned property. Appellant admitted stealing the property, saying he intended to deprive the owner of the property. His testimony was a judicial confession to those elements of theft, and raised the issue that he was guilty of the lesser included offense. The trial court erred in refusing the requested charge.

The judgment is reversed and the cause remanded.

ONION, P.J., and McCORMICK, J., dissent.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for theft from the person. V.T.C.A. Penal Code, Sec. 31.03(d)(4)(B). Punishment was assessed at ten years.

On original submission, the Court reversed appellant's conviction after concluding that the trial court improperly refused his requested charge on misdemeanor theft of property with value of $5.00 or more but less than $20.00. V.T.C.A. Penal Code, Sec. 31.03(d)(2)(A). We held that Sec. 31.-03(d)(2)(A), supra, can be a lesser included offense of Sec. 31.03(d)(4)(B), supra, under Art. 37.09(2), V.A.C.C.P.

Art. 37.09(2), V.A.C.C.P., reads:

"An offense is a lesser included offense if:

" . . .

"(2) it differs from the offense charged *only* in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;" (Emphasis added.)

In our original opinion, we noted that: "The offense alleged and proven by the State and the offense admitted by appellant when he testified differ only in the 'less serious injury or risk of injury to the same person,' i.e., to the owner of the property. Theft from the person includes a risk of injury to the person from whom the property is taken that is not present when theft is committed by taking property from the sidewalk, as appellant testified the facts to have been. *Injury resulting from deprivation of the value of the property is the same in both instances even though proof of the value is not required to establish theft from the person.*" (Emphasis added.)

This analysis is sound if "offense" as used in Art. 37.09(2), V.A.C.C.P., refers only to the *conduct* of the accused.

But conduct, under Sec. 1.03(a) of the Penal Code, "does not constitute an offense unless it is defined as an offense by statute, municipal ordinance, order of a county commissioner's court, or rule authorized by and lawfully adopted under a statute."

Thus, the "offense" that must differ from the "offense charged" in one way only is the "offense" as established by statute.

In the instant case, Sec. 31.03(d)(4)(B), supra, is the "offense charged" and Sec. 31.03(d)(2)(A), supra is the purportedly "lesser included offense." When the two "offenses" are compared, it is clear that less serious risk of injury under (d)(2)(A) is not the *only* difference between them. Under (d)(2)(A) the value of the property stolen must be established. Under (d)(4)(B) this is not necessary. Thus, according to the wording of Art. 37.09(2), V.A.C.C.P., (d)(2)(A) is not a lesser included offense of (d)(4)(B).

The "offense" of theft as defined by statute must, in any given case, include one of the provisions of Subsection (d). An examination of our case law will illuminate this point.

In *Peoples v. State,* 566 S.W.2d 640, 641 (Tex.Cr.App.1978), appellant was convicted of theft under V.T.C.A. Penal Code, Sec. 31.03(d)(4)(A), a third degree felony. The indictment was ruled fundamentally defective for failing to allege value of the property stolen. We held that, "the value of property must be stated where it is made the basis of punishment; and the injury done to the owner of property must be averred where the amount of injury is an essential element in the punishment." See also *Smith v. State,* 573 S.W.2d 546 (Tex.Cr.App.1978), where the conviction was for theft of over $200.00. The indictment, which alleged value over $200.00 but failed to allege value under $10,000.00, was not fundamentally defective since it invoked the jurisdiction of the district court, but we noted that if the proof had shown theft of over $10,000.00 (a second degree felony) the indictment would limit the conviction to a third degree felony.

In *Christiansen v. State,* 575 S.W.2d 42, 44 (Tex.Cr.App.1979), we stated that, "Receipt of property and proof of its value are *critical elements* in the offense of theft." (Emphasis added.)

Appellant was charged with appropriating, "property, namely CASH MONEY, owned by Paul Gomez Martinez, hereafter styled the Complainant, with the intent to deprive the Complainant, *and the Defend-*

ant stole *the property from the person of the Complainant.*" (Emphasis added.) If the indictment had not alleged theft "from the person of the Complainant" it would have been fundamentally defective for failure to invoke the jurisdiction of the court.

Thus, under our decisions interpreting Sec. 31.03, supra, the value of the property stolen is an essential element of the offense when it is made the basis of punishment and theft *from the person* is an essential element of the offense when it is made the basis of punishment. Put another way, the "offense" of theft as defined by statute will always include one of the provisions of Subsection (d).

This being so, (d)(2)(A) does not differ from (d)(4)(B), *only* in the respect that a less serious risk of injury to the same person suffices to establish the commission of (d)(2)(A). Less serious risk of injury does not alone suffice. Value between $5.00 and $20.00 also must be shown. Accordingly, the appellant was not entitled to a charge on misdemeanor theft as a lesser included offense of theft from the person.

The State's motion for rehearing is granted and the judgment is affirmed.[1]

ODOM and TEAGUE, JJ., dissent for the reasons stated in the opinion on original submission.

MILLER, J., not participating.

CLINTON, Judge, concurring in part and dissenting in part.

It appears to me that what is fundamentally in dispute in this case is the import, meaning and correct application of Article 37.09, V.A.C.C.P. Does the statute "define" lesser included offenses in a manner exclu-

sive of other procedural, evidentiary or constitutional principles? Or, does it merely provide an evidentiary procedure for determining when a lesser included offense has been implicated by proof offered on trial of the offense charged, which is then *subject to* other principles, notably of constitutional dimension?

1.

*What is a Lesser Included Offense?*

Though clear enough on its face, the language of Article 37.09(1) has been treated as if it were ambiguous:

"An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts *required to establish commission*[1] of the offense charged. . . . "

What is "*required* to establish commission" of any offense? Clearly, only proof of the factual elements of the offense is "required" to establish "commission" of the offense charged. Thus, for the Court, Presiding Judge Onion reasoned in *Day v. State,* 532 S.W.2d 302 (Tex.Cr.App.1976), the elements of the lesser offense must be necessarily included in the alleged elements of the greater, if the elements are not the same.[2]

But some prior opinions of the Court suggest that "facts required to establish commission" as used in Article 37.09(1) means "any evidence offered during the course of the trial."

This interpretation (which was embraced by the opinion on original submission in this case) is patently offensive to general notions of due course and process of law, one constant rudiment of which is "notice."[3]

---

1. Appellant only raised the one ground of error discussed herein.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. In *Day,* supra, it was correctly determined on original submission that the allegation in a burglary indictment that the accused "entered a building not then open to the public" would be adequate to support a conviction for criminal

trespass containing the requirement that the actor had "notice that the entry was forbidden." *Id.,* at 306.

3. Indeed, the Court's basic quarrel with jury instructions which "authorize conviction on a theory not alleged" is, as I understand it, bottomed upon this legal fundamental. See *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979); *Robinson v. State,* 553 S.W.2d 371 (Tex.Cr. App.1977). See also *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Moreover, this construction of Article 37.09 is specifically violative of the constitutional dictate that the accused is entitled to "demand the nature and the accusation against him." Article I, § 10 Tex. Const.[4]

The antidote proposed by the opinion on original submission for this unconstitutional feature of its rationale, is that the accused may object "on grounds of insufficient notice," citing dictum contained in the opinion on State's motion for rehearing in *Day,* supra. That dictum characterizes the failure of an indictment to make allegations inclusive of the offense for which conviction is ultimately had, as "insufficient to protect certain . . . interests of the defendant," but dismisses *the matter by noting* "any objection for such defect [is] waived by appellant's requested submission of a [lesser included] charge . . . ." 532 S.W.2d 302, 315, n. 7.[5]

But what of the *State's* right to submission of lesser included instructions?[6] The antidote is only palliative, for the result is an offense that *must* be submitted as lesser included if requested by the accused, *may not* be submitted at behest of the State over a defense objection! It cannot be that such an irrational interpretation of Article 37.09 was intended by the Legislature—particularly when the provision may be construed rationally, in harmony with other procedural and constitutional provisions.[7]

Accordingly, I concur wholeheartedly in the premise on which Judge Tom Davis begins his analysis in this case: the essential ingredients of the offense charged must at least through liberal construction, encompass and thereby include the constituents of any lesser offense in order for the latter to be a "lesser included offense" within the meaning of Article 37.09, supra. See *Day,* supra, (Opinion on original submission); Accord: *Campbell v. State,* 571 S.W.2d 161, 162 (Tex.Cr.App.1978) ["the

4. Whether one believes that this constitutional provision requires a grand jury to accuse a person of an act or omission constituting an offense, and nothing more, see *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980) (Dissenting opinion on State's motion for rehearing); or believes the grand jury must find and state every factual detail elaborative of the elements of the offense, *id.,* (Opinion on State's motion for rehearing), it seems we all agree that at a minimum, the accused is entitled to have the State's accusatory pleading reflect each and every element of the offense—not only as a matter of "substance," but also as a matter of "form." See *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974).

5. Paradoxically the rehearing opinion in *Day,* supra, earlier acknowledged the due process violation that could result through construction of Article 37.09:

"An [obvious (statutory) absurdity violative of basic principles of due process] might authorize upon the trial of A for the murder of B a conviction for the murder of C, or the rape of D, or the possession of contraband, or any other offense. The violations of due process that would occur are manifest."
532 S.W.2d 302, 313, n. 5.

6. Article 36.15, V.A.C.C.P. provides in pertinent part: "Before the court reads his charge to the jury, *counsel for both sides* shall have a reasonable time to present written instructions and ask that they be given to the jury."

7. Another constitutional problem created by the *Day* dictum implicates double jeopardy. Only last year, a majority of the Court embraced the "same offense" test provided by *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

"[T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."

*Ex parte McWilliams,* 634 S.W.2d 815, 824 (Tex.Cr.App.1982) (Opinion on State's motion for rehearing).

The Court observed *Blockburger,* supra, regards as irrelevant the fact that "[a]t trial there may be a substantial overlap in the proof of each offense; however, it is the *separate statutory elements* of each offense which must be examined under this test." [Emphasis original.] 634 S.W.2d 815, at 824.

Therefore, if the term "facts" as used in Article 37.09(1) means "mere evidence" rather than "factual elements" as the *Day* dictum would have it, the lesser included offenses in a case may not be determined from the face of the indictment which alleges the "facts *required* to establish the commission of the offense;" it follows that even though an offense be a lesser included offense of another under the *Day* dictum, a person may be convicted and punished for both under *Blockburger.*

facts here *charged* included the statutory element 'in the course of committing theft.' "] This is consistent with each subsection of Article 37.09, and assures uniformity within a single trial of what is and is not a functional lesser included offense, regardless of which party requests submission of the issue.

In this case, subsection 2 of Article 37.09, was cited by the opinion on original submission as the provision under which "the proper relationship" between misdemeanor theft and theft from a person has been established by the "evidence adduced" in this case. That subsection provides:

"An offense is a lesser included offense if:

\*　　\*　　\*　　\*　　\*　　\*

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission..."

I agree with Judge Davis that "the proper relationship" between offenses contemplated by this provision, concerns *elements* of the two offenses instead of "evidence adduced" at trial.

Having said that, my disagreement with Judge Davis seems small by comparison; but because my analysis leads to a different result, I am compelled to continue.

### 2.

*What Are The "Elements" Of Theft?*

V.T.C.A. Penal Code, § 1.07, provides: "In this code:

\*　　\*　　\*　　\*　　\*　　\*

(13) 'Element of offense' means:

(A) the forbidden conduct;

(B) the required culpability;

(C) any required result;  and

(D) the negation of any exception to the offense."

While V.T.C.A. Penal Code, § 31.02 sought to abolish distinctions formerly made between varying acts of unlawful acquisition of personalty, it is clear by now that the "elements" of theft under the 1974 penal code can vary from prosecution to prosecution. See *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr.App.1976) (Opinion on motion for rehearing);  see also *Casey v. State,* 633 S.W.2d 885 (Tex.Cr.App.1982). But it is immediately apparent on reading § 31.03, our "consolidated" theft statute, that the catch words, "a person commits an offense if he..." signal the most basic ingredients of all theft offenses: "unlawfully appropriates property with intent to deprive the owner."

To be sure, as demonstrated by *Ex parte Cannon,* supra, an allegation containing these essentials only is not enough. And it is clear that some acts of theft contain additional features of the "forbidden conduct," which must be found by the jury before a general verdict of "guilty" may be returned in prosecutions for such. *Gant v. State,* 606 S.W.2d 867 (Tex.Cr.App.1980). In *Gant,* supra, it was held that the fact an accused "has been previously convicted two or more times of any grade of theft" is "a jurisdictional element—a 'forbidden conduct'—of the felony theft proscribed by § 31.03(d)(4)(C), and must therefore be both alleged and charged as such before the jury is authorized to render a general verdict of guilt." *Id.,* at 871, n. 9. Likewise, under § 31.03(a) and (d)(4)(B), the fact that the property "is stolen from the person of another" or "is stolen ... from a human corpse" or "is stolen ... from a human ... grave," is an "element" of theft offenses prosecuted under that provision, because it serves to comprise the "forbidden conduct" denounced.

By contrast, the *value* of the property appropriated constitutes neither a part of the "forbidden conduct," "required culpability" or "required result" of theft. Though surely a "jurisdictional requirement" in some felony cases which must be pled and proved in those cases, it is equally clearly not an "element" of the *commission* of a theft. See *Ex parte Cannon,* supra; and *Campbell,* supra (Roberts, J., dissenting). "Value" is merely descriptive of the affected "property" and cannot be in any way characterized as "the forbidden conduct" one is charged by statute with knowingly

avoiding. (Indeed, the actor is held strictly liable for the value the property he steals turns out to have: no defense is available to one who, thinking he is taking an old jar, in fact takes a Ming vase.)

The Court has by now repeatedly determined that theft may be a lesser included offense of aggravated robbery because it is included in the elements of robbery and, depending on the specific theory the State establishes at trial, may be raised by evidence incident to that proof. *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981); *Eldred v. State,* 578 S.W.2d 721 (Tex.Cr. App.1979); *Campbell,* supra. While in *Campbell,* supra, the issue was hotly disputed, it was never suggested there (or in *Eldred* or *Griffin*) that the "value" feature of some felony thefts constitutes an additional "element" not contained in an allegation of robbery. The same rationale should apply here, or *Griffin, Eldred* and *Campbell* overruled, for they cannot be distinguished on this point.

In sum, the fact that no "value" of the affected property need be alleged in (and therefore is not "required to establish *commission* of") theft from a person, does not preclude misdemeanor theft offenses from being "included" therein. Accordingly, I would hold that because "value" is not an element of misdemeanor theft, it is established by proof of "less than all the [factual elements] required to establish the commission" of theft from a person.

But with the fundamental approach to the issue taken by the Court, I fully concur.