NO. 07-01-0218-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 19, 2002



______________________________




LARRY FLOYD MILLER, JR., APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


 


_________________________________



FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;



NO. 9986; HONORABLE TOM NEELY, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

 Appellant Larry Floyd Miller, Jr., appeals from his conviction for aggravated assault
by threat on a public servant (aggravated assault). He alleges that the jury should have
been charged on lesser-included offenses of resisting arrest and misdemeanor deadly
conduct (deadly conduct). We affirm.



BACKGROUND

 On November 29, 2000, appellant and two other males were in a pickup truck
driving around Electra, Texas. Electra policeman Cody Shaw attempted a traffic stop of
the pickup because it had only one functioning headlight. The pickup did not stop for the
officer, but rather, fled. (1) After a high-speed chase involving multiple law enforcement
officers and vehicles with their flashing lights and sirens activated, the pickup containing
appellant and his companions eventually came to a stop in a field in Wilbarger County. 
Appellant and his companions fled on foot to some hay bales in the field, where they were
surrounded by officers. Appellant and one of his companions climbed onto a round bale
of hay where appellant brandished a handgun. A standoff between the officers, appellant
and his companions ensued. Greg Tyra, an investigator for the Wilbarger County District
Attorney's office approached appellant on the hay bale, identified himself as a
representative of the district attorney's staff, and tried to coax appellant into surrendering. 
Appellant had been putting his handgun in and out of his pocket, waving it in the direction
of the officers, and stating that he was not going back to jail. Three of the officers,
including Tyra, testified that as Tyra talked to appellant, appellant told Tyra that "I'll blow
your fucking head off." Appellant did not testify or offer any affirmative evidence that he
did not make the statements testified to by the officers, although he attempted to impeach
their testimony by use of the officers' incident reports. 

 Appellant eventually fled from his perch on the hay bale. He ran into an adjoining 
field where the officers disarmed, subdued and arrested him without anyone having been
injured, although several shots were fired during the chase and apprehension. 

 Appellant was indicted because he ". . . did then and there intentionally or knowingly
threaten Greg Tyra with imminent bodily injury and did then and there use or exhibit a
deadly weapon, to wit: an [sic] firearm, during the commission of said assault and the
defendant did then and there know that the said Greg Tyra was then and there a public
servant, . . . that the said Greg Tyra was then and there lawfully discharging an official
duty, to-wit: trying to detain said defendant." The jury charge contained instructions on
both (1) aggravated assault on a public servant as specified by the language of the
indictment and (2) aggravated assault. The trial court refused appellant's requested jury
charges on resisting arrest and deadly conduct. 

 The jury convicted appellant of aggravated assault on a public servant. Punishment
was tried to the court, and appellant was assessed punishment of 22 years incarceration
in the Institutional Division of the Texas Department of Criminal Justice. 

 Appellant urges two issues on appeal. His issues assert that the trial court erred
in refusing to charge the jury on the lesser-included offenses of resisting arrest (issue one)
and deadly conduct (issue two). 



LAW

 Under provisions of Tex. Crim. Proc. Code Ann. art. 37.09 (Vernon 1981), (2) an
offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all the facts required
to establish the commission of the offense charged;

 (2) it differs from the offense charged only in the respect that a less serious
injury or risk of injury to the same person, property, or public interest suffices
to establish its commission;

 (3) it differs from the offense charged only in the respect that a less culpable
mental state suffices to establish its commission; or

 (4) it consists of an attempt to commit the offense charged or an otherwise
included offense. 


 Determining whether a charge on a lesser-included offense is warranted presents
a dual inquiry. The first inquiry is whether the lesser offense is included within the proof
necessary to establish the offense charged. See Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex.Crim.App. 1993). If so, the second inquiry is whether there is some record
evidence from which a jury could rationally find that if the defendant is guilty, he is guilty
only of the lesser offense. Id. Each definition of a lesser-included offense in CCP art.
37.09 is stated with reference to "the offense charged," and specifically states the manner
in which the lesser-included offense differs from the offense charged. See Bell v. State,
693 S.W.2d 434, 438 (Tex.Crim.App. 1985). Thus, in considering appellant's issues, we
must consider the offense as charged by the language of the indictment and compare the
charged offense with the statutory elements of the lesser-included offenses which
appellant alleges should have been charged. Id. at 438, n.8; Sanders v. State, 664
S.W.2d 705, 708 (Tex.Crim.App. 1982) (op. on rehr'g.) 

ISSUE ONE: RESISTING ARREST

 Appellant's first issue urges that the offense of resisting arrest was a lesser-included offense. Proof of the offense of resisting arrest requires proof that a person
intentionally prevented or obstructed a person he knew to be a peace officer or someone
acting in the presence and at the direction of a peace officer from effecting an arrest by
using force against the officer or another. See Tex. Pen. Code Ann. § 38.03(a) (Vernon
1994); (3) see Lewis v. State, 30 S.W.3d 510, 512 (Tex.App.--Amarillo 2000, no pet.). 

 Proof that a defendant resisted arrest must include proof that the defendant used
force against the officer in question. See id. The charge against appellant as set out in
the indictment did not require proof that appellant used force against Tyra. The charge
against appellant required proof of a threat of imminent bodily injury toward Tyra (assault)
and the use or exhibition of a firearm during the commission of the threat. Proving that
appellant resisted arrest would have required additional proof of the actual use of force
against Tyra or another officer. Id. Thus, resisting arrest was not a lesser-included charge
under any subsection of CCP art. 37.09, and the trial court did not commit error in refusing
to charge the jury on resisting arrest. Appellant's first issue is overruled. 


ISSUE TWO: DEADLY CONDUCT

 Appellant's second issue asserts that the offense of deadly conduct was a lesser-
included offense. A person commits the offense of deadly conduct if he recklessly
engages in conduct that places another in imminent danger of serious bodily injury. See
PC § 22.05. When the offense as charged in the indictment of appellant is compared to
the elements of deadly conduct, however, it is apparent that proof of the offense with which
appellant was charged did not require proof that appellant engaged in conduct which
placed Tyra in imminent danger of serious bodily injury. Appellant's threat to blow Tyra's
head off did not require proof that Tyra was placed in imminent danger of serious bodily
harm, even if the proof might have been sufficient for a finding that he was in such danger. 
Nor did proof that appellant exhibited a firearm while making the threat require proof that
Tyra was in imminent danger of serious bodily injury. 

 Appellant relies on the case of Bell v. State in arguing that deadly conduct is a
lesser-included offense of aggravated assault. See Bell, 693 S.W.2d at 438-39. However,
the facts of appellant's case distinguish it from Bell. In Bell, the Court of Criminal Appeals
held that deadly conduct was a lesser-included offense of aggravated assault. Id. In so
holding, however, the court specifically stated that whether one offense bears such a
relationship to the charged offense so as to constitute a lesser-included offense is an issue
which must be determined on a case-by-case basis. Id. at 436. According to the court:

 A given section of the Penal Code may define more than one way in which
an offense can be committed. An allegation that an offense has been
committed in one way may include a lesser offense, while an allegation that
the offense was committed in another way would not include the lesser
offense. 


Id. 

 In Bell, the indictment alleged that the defendant: ". . . did then and there knowingly
and intentionally use a deadly weapon, to wit: a firearm, and did then and there threaten
George Smith with imminent bodily injury by the use of said deadly weapon." Id. 
Comparing the elements of the offense as charged in the indictment to the elements of
deadly conduct, the court found that the precise issue is "whether proof of threatening
another with imminent bodily injury by using a deadly weapon constitutes proof that the
actor engaged in conduct that placed another in imminent danger of serious bodily injury." 
Id. at 438 (emphasis in original). The court further stated that:

 Patently, threatening another with imminent bodily injury is engaging in
conduct. When that threat is accomplished by the use of a deadly weapon,
by definition the victim is "exposed" to the deadly character of the weapon
and the inherent risk of serious bodily injury. The danger of serious bodily
injury is necessarily established when a deadly weapon is used in the
commission of an offense. It follows, therefore, that proof of threatening
another with imminent bodily injury by the use of a deadly weapon
constitutes proof of engaging in conduct that places another in imminent
danger of serious bodily injury. 


Id. at 438-39 (emphasis in original). Thus, the court held that, because in this particular
case the statutory elements of deadly conduct would be established by proof of the same
facts required to establish the commission of the offense as charged in the indictment, the
offense of deadly conduct was a lesser-included offense of aggravated assault by use of
a deadly weapon. Id. at 439.

 In appellant's case, however, the indictment reads differently than the language
used in the indictment that was central to the Bell court's disposition of that case. 
Whereas the indictment in Bell charged the defendant in that case with committing the
offense of aggravated assault by "using" a deadly weapon, the indictment in appellant's
case charged appellant with committing the offense by "using or exhibiting" a deadly
weapon. Thus, proving the offense as alleged in the indictment does not require proof that
appellant "used" a deadly weapon; proof that appellant "exhibited" a deadly weapon in the
commission of the offense would suffice. The difference is dispositive, as it does not
necessarily follow that the danger of serious bodily injury is established when a deadly
weapon is "exhibited" in the commission of the offense as opposed to being "used." 
Therefore, under the circumstances of this case, deadly conduct is not a lesser-included
offense of aggravated assault as charged because the statutory elements of deadly
conduct would not necessarily be established by proof of the same or less than all the
facts required to establish the commission of the offense charged. The trial court,
therefore, did not commit error in refusing to charge the jury on deadly conduct as a lesser-included charge. Appellant's second issue is overruled. 

CONCLUSION 

 Having overruled both of appellant's issues, we affirm the judgment of the trial court. 
 

 Phil Johnson

 Justice

 

Publish. 
1. As it turned out, the pickup was stolen.
2. Further references to a provision of the Code of Criminal Procedure will be by
reference to "CCP art. _."
3. Further reference to a provision of the Penal Code will be by reference to "PC §_."