In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00088-CV


______________________________





EX PARTE: JOEL EUGENE STANER





 


On Appeal from the 76th Judicial District Court


Titus County, Texas


Trial Court No. 32069




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Joel Eugene Staner filed an application with the trial court to have an arrest removed from
his criminal history. See generally Tex. Code Crim. Proc. Ann. arts. 55.01-.06 (Vernon Supp.
2006). The trial court granted the State's motion for summary judgment. We affirm.

I. Factual and Procedural Background

 Staner filed an application for expunction seeking the removal of an arrest for aggravated
sexual assault of a child, (1) for which Staner contends he was never prosecuted. The State responded
by filing a general denial. The State also filed a motion for summary judgment that was
accompanied by several certified documents. One of these documents shows Staner was arrested
by the Mount Pleasant Police Department February 28, 1997, for aggravated sexual assault of a child,
that offense allegedly occurring September 8, 1996. Another document shows a Titus County grand
jury later returned an indictment March 5, 1997, in cause number 13,291 for two counts of indecency
with a child. The indictment's first count was for an offense occurring on or about September 8,
1996, and involving a complainant with the pseudonym C.B. The second count was for an offense
occurring on or before September 8, 1994, and involving a complainant with the pseudonym J.W. 
A third certified document attached to the State's motion for summary judgment shows Staner pled
guilty April 14, 1997, in cause number 13,291--and that he did so pursuant to a negotiated plea
agreement--to two counts of indecency with a child (one of which was for an offense occurring
September 8, 1994; the other for an offense occurring September 8, 1996). Staner was sentenced
to thirty years' imprisonment for each count. On August 1, 2006, the trial court granted the State's
motion for summary judgment in this expunction proceeding. 

II. Issues Presented and Analysis

 Staner has not challenged the trial court's substantive determination that he is not entitled to
expunction of his 1997 arrest. Instead, his appeal raises only procedural issues. Staner first seems
to be arguing that a trial court may not hold a hearing on a motion for summary judgment filed
within the context of an expunction proceeding. Staner cites no authority for such a contention. In
his second and third points of error, Staner contends the trial court erred by failing to conduct a
formal hearing on his expunction petition, asserting that such failure deprived him of an opportunity
to respond to the State's motion for summary judgment. 

 "Individuals who are prison inmates do not automatically lose their access to the courts as
a result of their incarcerated status. However, inmates, whether they are defendants or plaintiffs in
civil actions, do not have an absolute right to appear in person." Ex parte Guajardo, 70 S.W.3d 202,
205 (Tex. App.--San Antonio 2001, no pet.) (citations omitted). Expunction proceedings are special
types of lawsuits, statutorily authorized by Chapter 55 of the Texas Code of Criminal Procedure, but
otherwise considered civil causes of action. See McCarroll v. Tex. Dep't of Pub. Safety, 86 S.W.3d
376, 378 (Tex. App.--Fort Worth 2002, no pet.); Tex. Dep't of Pub. Safety v. Katopodis, 886 S.W.2d
455, 457 (Tex. App.--Houston [1st Dist.] 1994, no writ). Because they are primarily civil,
expunction proceedings are subject to the Texas Rules of Civil Procedure. See Tex. R. Civ. P. 2
("These rules shall govern the procedure . . . in all actions of a civil nature . . . ."). Our Rules of Civil
Procedure authorize the filing of motions for summary judgment in civil cases. See Tex. R. Civ. P.
166a. A trial court may grant a motion for summary judgment, without the consideration of live
testimony, if the pleadings and evidence before the court "show . . . there is no genuine issue as to
any material fact and the moving party is entitled to judgment as a matter of law on the issues
expressly set out in the motion . . . ." Tex. R. Civ. P. 166a(c).

 In this case, the trial court granted the State's motion for summary judgment on the issue that
Staner was, as a matter of law, not entitled to have the arrest at issue expunged from his criminal
arrest record. As our Rules of Civil Procedure specifically allow the trial court to consider a motion
for summary judgment in a civil case, and as the rules do not specifically prohibit summary judgment
motions in expunction proceedings, we cannot conclude the trial court erred by considering the
State's motion for summary judgment.

 Additionally, the Tenth Court of Appeals has held a trial court may rule on an expunction
petition without conducting a formal hearing and without the consideration of live testimony. 
Ex parte Current, 877 S.W.2d 833, 839-40 (Tex. App.--Waco 1994, no writ). We see no reason
to disagree with the Tenth court's conclusion, especially when an expunction petition may typically
be disposed of on the basis of the parties' pleadings (such as when the State does not contest the
expunction). When such is the case, summary judgment is usually the most expedient vehicle for
resolving the case. Accordingly, we cannot say the trial court erred by considering the State's motion
for summary judgment without first bench warranting Staner from prison for the purpose of a live
hearing when the trial court was able to determine the issues before it solely based on the pleadings
and evidence already in the record. (2)

 We overrule each of Staner's points of error and affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: November 17, 2006

Date Decided: January 5, 2007
1. See generally Tex. Penal Code Ann. § 22.021 (Vernon Supp. 2006). 
2. Staner also complains he did not have a chance to controvert the State's motion for summary
judgment. The appellate record refutes such an assertion. A motion for summary judgment, along
with its supporting evidence, must be on file for at least twenty-one days before the trial court may
rule on the motion's merits.  Tex. R. Civ. P. 166a(c). The State filed its motion for summary
judgment June 30, 2006. The trial court did not grant summary judgment until August 1, 2006. 
Staner had the entire month of July to file a response and controverting evidence, but he failed to do
so. The trial court will not be faulted for not considering evidence when Staner did not offer any.



 to complete an underlying theft. Because
the State's indictment could be satisfied with proof of a completed underlying theft, theft could be
considered a lesser-included offense of robbery in this case--if there was also some evidence
adduced at trial to support such a lesser-included offense instruction.

 Snguon testified that on December 4, 2006, a man came into the Reklaw Food Store (where
Snguon works) and proceeded to the checkout counter to purchase a soft drink. Once the man got
to the counter, he drew a BB gun, pointed it at Snguon's chest, threatened to shoot the gun, ordered
the latter to open up the cash register and hand over money from it. Snguon, however, realized that
the gun was not real and began struggling with the robber. During the struggle, the robber took some
of the money from the cash register. The two continued to fight, but the robber eventually escaped
from the premises. 

 The Defendant called Tony Linnerman (Tony) and Sondra Linnerman (Sondra) as witnesses. 
Tony testified that, on the occasion described above, he was outside the Reklaw store in Rusk
County when he saw a store clerk fighting with a man wearing a hooded sweatshirt. Tony saw that
the clerk had a toy rifle in his hands and was using it to hit the man in the sweatshirt. Eventually,
the sweatshirt-wearing man ran out of the store, got into a car, and left the scene. 

 Sondra testified that she had also been at the Reklaw store at the same time and observed 
the man who ran the store chasing another man around the store, hitting the latter with a "little plastic
rifle." She also testified that she saw Snguon retrieve the gun from a car, thus suggesting that it had
been Snguon (and not the Defendant) who had introduced the toy BB gun into the fracas. 

 The Linnermans' testimonies, if believed, would support the conclusions that the store clerk
was the sole aggressor in the tussle and that the Defendant had not introduced the BB gun into the
altercation. Snguon's testimony, if believed, would support the conclusion that the Defendant
completed a theft by stealing money from the cash register. Therefore, there was at least the required
scintilla of evidence which would support a conclusion by the jury that the Defendant was guilty of
a completed theft but not a robbery. 

 Therefore, because the language of the indictment at least encompassed the possibility of an
underlying completed theft, and because there was evidence to support Blakemore's conviction for
an underlying completed theft, we conclude the trial court did not err by instructing the jury on that
lesser-included offense of robbery in this case. We overrule the Defendant's sole appellate issue and
affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: August 15, 2008

Date Decided: August 25, 2008


Do Not Publish


1. With Blakemore having been convicted of the greater offense of robbery rather than the
lesser-included offense of theft (as opposed to the reverse situation), the charge as tendered to the
jury seems a distinction without a difference. In other words, even if it were error to have included
the lesser-included offense instruction, the harm to Blakemore is difficult to comprehend. 
2. The Defendant's objection at trial (but not on appeal) seemed more to direct his complaint
at the characterization in the charge of theft as being a misdemeanor than to the inclusion of the
lesser-included offense instruction itself.
3. One occasion when theft would not be a lesser-included offense of robbery is when the
underlying theft was not alleged to have been "completed" because the accused failed to gain control
of the property. See Campbell v. State, 571 S.W.2d 161, 161-62 (Tex. Crim. App. 1978) (State's
robbery case depended on proof of "completed" theft; appellant was therefore entitled to instruction
on lesser-included offense of theft), overruled, Hall, 225 S.W.3d 524.