**Affidavits ☞5—Criminal law ☞949(2)—Motion for new trial not considered where not verified; affidavit of defendant cannot be taken by his attorney.**

Where motion for new trial was not verified by either defendant or his attorney, and affidavit of proposed witness was taken by defendant's attorney, in view of Vernon's Ann. Code Cr. Proc. 1916, art. 837, grounds of such motion cannot be considered and, even if sworn to by defendant, affidavit of witness taken by defendant's attorney would not support averment.

Appeal from Harris County Court at Law; Murray B. Jones, Judge.

William L. Miles was convicted of aggravated assault, and he appeals. Affirmed.

Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J.   The offense is aggravated assault; punishment fixed at a fine of $100. The prosecution is under article 1022a, Complete Tex. St. 1920, or Vernon's Ann. Pen. Code Supp. 1918, in which it is provided in substance that any driver of a motor vehicle upon the public highways of this state who, willfully or with gross negligence, collides with or causes injury to any person upon such highway, is guilty of an aggravated assault.

The record is not accompanied by a statement of the evidence that was heard upon the trial; nor is there complaint of any ruling of the trial court, affirmative or negative, or of the charge of the court.

The sole matter calling for a review is the action of the trial court in overruling the motion for a new trial. In one paragraph of the motion it is claimed that since the trial there had come to the knowledge of the appellant testimony by which he would be able to show that at the time of the collision he was driving his car at a rate of speed not exceeding 20 miles per hour, and that the injured party was at fault. The motion is signed by the appellant, but is not verified by the affidavit of either the appellant or his attorney. Reference is made in the motion to the affidavit of one Limper, which does appear attached to the motion. It was taken by the attorney for the appellant, who was acting as a notary public. The absence of the verification of the motion by the oath of the appellant precludes the consideration of the ground mentioned. See 2 Vernon's Tex. Crim. Stat. art. 837, p. 777; Branch's Ann. Tex. P. C. § 192. Even if the motion were sworn to by the appellant, the affidavit of the witness taken by the attorney for the appellant would not support the averment. See Branch's Ann. Tex. P. C. § 195.

The judgment is affirmed.

---

### GRAY v. STATE.   (No. 8523.)

(Court of Criminal Appeals of Texas.   March 25, 1925.)

On application for leave to file second motion for rehearing.   Denied.

For former opinion, see 268 S. W. 941.

LATTIMORE, J.   The application for leave to file second motion for rehearing will be denied. The only matter attempted to be raised, viz., that the trial court erred in not charging on circumstantial evidence, was discussed in the original opinion, and, when the matter was up for rehearing, it was then thought that said proposition did not present a suggestion of error on the part of the learned trial judge. Appellant testified positively to his presence at the time of the homicide, but averred that the fatal blow was struck by Burl Kemp. All the facts and circumstances in evidence by the other state witnesses, as well as by the accomplice Kemp, made plain the proposition that, not only was appellant present, but participated in the killing and in the removal and secretion of the body, etc.

The leave prayed for will be denied.