**Matthew J. CAZARES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45392.**

Court of Criminal Appeals of Texas.

Dec. 20, 1972.

**456**

John Cutler, Houston (Court appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Bill Burge, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of possession of a narcotic drug, to-wit: heroin. Punishment, enhanced under Article 725b, Section 23(a) (second offender) Vernon's Ann.P.C., was assessed at forty years.

Appellant contends that the court erred in admitting into evidence the fruits of an illegal search.

The record reflects that Houston *Narcotics Officer* D. W. Albert received information from a reliable informer that appellant was at a certain location and that he had in his possession heroin. The informer further stated that appellant would be leaving that location shortly to dispose of the heroin. Officer Albert, accompanied by two other officers, proceeded to the location where they saw appellant and two other men standing in a courtyard of an apartment complex. It was the testimony of Officer Albert that as he approached appellant "it appeared that he turned and recognized me," and that at that time "I observed him put his hand behind his back and drop a penny match box on the pavement." The match box was retrieved by Albert and found to contain what he believed to be heroin. At that time, he placed appellant under arrest. The chain of custody of the match box and its contents was proved and a chemist testified that the brownish powder found in the match box was heroin. The evidence clearly establishes that the match box and its contents were not obtained as the result of *an illegal* search and were properly admitted into evidence. Garcia v. State, Tex.Cr.App., 475 S.W.2d 262; Harless v. State, Tex.Cr.App., 473 S.W.2d 519; Thompson v. State, Tex.Cr.App., 470 S.W. 2d 902.

It is appellant's next contention that the court erred in not allowing James Province, appellant's parole officer, to testify to statements made to him by appellant. It appears that appellant had been arrested by Officer Albert on three prior occasions and on each occasion he was released without being charged. On at least one of the prior occasions, Albert had asked appellant to be an informer for him. Appellant refused. It is appellant's position that Albert "framed" him by planting the heroin on him. To bolster the probability of this happening, appellant sought to produce the testimony of his parole officer to prove that he had related to him, prior to the date of the offense charged, that Albert had threatened to "get him" if he did not act as an informer. When appellant called his parole officer as a witness, the following colloquy occurred:

"A. (By Counsel for Appellant) Did you have a conversation with Mr. Cazares at the time of his first arrest following his release by the police?

A. First Arrest?

Q. Yes.

A. Yes sir, I did.

Q. What was the substance of that conversation?"

An objection was sustained.

■ The rule in Texas is that the accused may not bolster his cause by self-serving declarations, whether oral or written, and whether uttered before or after the offense charged, unless they come under some exception, such as: (1) being part of the res gestae, (2) or being necessary to explain or contradict acts or declarations first offered by the state, (3) or part of a statement or conversation previously proved by the state, (4) or being an exculpatory explanation of possession of stolen property when such possession is first challenged. See generally, 24 Tex. Jur.2d, Evidence, Section 612; 6 Wigmore, Evidence, Section 1732.

■ Appellant argues that the testimony of an accused's parole officer concerning statements made to him by the accused should be admissible under a new exception to the hearsay rule similar to the business record exception, particularly where the statements were made prior to the date of the offense charged, and when offered for the purpose of impeachment. He argues that the parole officer would be testifying in his official capacity as an officer of the court, and that the parole officer makes notations in his records of the conversations he has with his parolees, and that these circumstances justify an exception whereby an accused in a criminal case may bolster his testimony. We are unwilling to recognize such an exception. The effect of such a rule would be to encourage fabrication and deter the necessary candid relationship between the parolee and his parole officer. Furthermore, there is no showing that statements made to a parole officer are either specially needed or unusually trustworthy. See generally, 5 Wigmore, Evidence, Section 1420–21, 3rd Ed. (1940); McCormick & Ray, 2d Ed., Section 831, at page 603; 6 Wigmore, Evidence, Section 1732(2) at 100, 3rd Ed. (1940); see also, Seidelson, Hearsay Exceptions and the Sixth Amendment, 40 Geo.Wash.L.Rev. 76, 89 (1971–72).

■ Appellant contends also that he was improperly resentenced. On April 22, 1971, appellant was sentenced to not less than two nor more than forty years imprisonment. This sentence was improper because the minimum punishment applicable for a subsequent offender under Article 725b, Section 23(a), supra, is ten years. Also, the judgment incorrectly recited that the jury had found appellant to be the same person previously convicted of a felony less than capital, whereas the actual finding of the jury was that appellant was the same person previously convicted of the offense of unlawful possession of a narcotic drug. The judgment was corrected nunc pro tunc after a hearing. This procedure is sanctioned by Article 42.06, Vernon's Ann.C.C.P., and this court's opinion in Wagoner v. State, Tex.Cr.App., 434 S.W.2d 868.

Appellant next contends that the indictment which alleged a prior conviction for theft and a prior conviction for possession of narcotics will not support a conviction as a subsequent offender. The indictment, as originally returned, alleged a prior conviction for an offense of the same nature as the primary offense with an additional allegation of a prior conviction for theft. The court dismissed the allegation of the previous conviction of theft and charged the jury pursuant to Article 725b, Section 23(a), V.A.P.C., which provides in part:

". . . and upon a second or subsequent conviction, he is punishable by imprisonment in the penitentiary for not less than 10 years nor more than life."

■ It is appellant's argument that the state's dismissal of the allegation of the prior offense of theft which was alleged

for enhancement under Article 63, V.A.P. C., was tantamount to an amendment of the indictment. Therefore, he argues, before the state could proceed against him under Article 725b, supra, they must reindict him. We disagree. The state's dismissal of the prior theft conviction which was alleged for enhancement under Article 63, supra, does not constitute an amendment of the indictment, and the state may proceed with the remaining allegation of a prior conviction for an offense of the same nature as the primary offense without having to reindict. Rangel v. State, 435 S.W. 2d 143, cert. denied, 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769.

Appellant admits in his brief that his remaining grounds of error are probably frivolous. We have carefully considered these grounds of error and find them to be without merit. Further discussion of them would not add to the jurisprudence of this state.

No reversible error is shown. The judgment is affirmed.