George Arthur PENN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–81–097–CR.

(2085cr).

Court of Appeals of Texas,
Corpus Christi.

Jan. 28, 1982.

Discretionary Review Refused
May 26, 1982.

Robert C. Cheshire, Kemper Williams, Jr., Victoria, for appellant.

Knute L. Dietze, Crim. Dist. Atty., Victoria, for appellee.

Before BISSETT, YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

This is an appeal from a conviction for unauthorized use of a motor vehicle. On a finding that the appellant was an habitual felony offender, the court assessed punishment at confinement for life.

Appellant contends that the trial court committed error in requiring him to wear shackles (leg irons) in the presence of the jury throughout the trial.

The question on appeal is whether the trial court abused its discretion in allowing the shackles. We reverse and remand.

Prior to jury selection, the court held a hearing on appellant's motion outside the presence of the jury panel on this issue. Deputy Sharon Williams, the deputy in charge of appellant during the trial testified:

"The reason for the (i.e., the leg irons) is because Mr. Penn has made an attempted escape before and in view of what happened last week, we feel it is to the best interest of myself and Deputy Brown, and also the people in the Courtroom, that it would be a lot safer leaving the leg irons on Mr. Penn."

The week before in the same courtroom, another defendant tried to escape. He was apprehended by a deputy sheriff outside the courthouse, and two shots were fired. It was undisputed that appellant had nothing to do with that attempted escape.

After the testimony of Deputy Williams, the court said:

"... You say that he has not made an attempt when making Court appearances, but then what is your concern about? I mean what has brought this up?

A. From looking over the history, Mr. Penn has had a history, from what I understand of attempting to excape, and there is just Mr. Brown and myself in the Courtroom and we just don't feel it would be to the best interest of safety or security to remove the leg irons."

The only reference of the attempted escape by appellant while he was in jail was this testimony of Deputy Williams, and no details were given.

What is the "history" of appellant trying to escape? The only reference in the record is that appellant tried to elude the officers while being arrested for this case.

The State attempts to justify the shackles on the testimony of Deputy Williams, and on the fact that the indictment alleged two prior felony convictions and appellant was facing life in the penitentiary, if convicted.

After Deputy Williams' testimony, the court said:

"The Court is concerned about security, and the Court itself has taken this matter up with the Sheriff's Department on several occasions about being concerned, and as the record should reflect, we did have an attempted escape last week. It could have been disastrous. It turned out to be, fortunately, no one was hurt, and the Court has in this particular instance called the attention to the Sheriff that when in Court I want these people secured to the extreme that is necessary. Now, the Court would call the attention to the fact that the Defendant has not been exposed to any jury panel, and the jury panel would be brought in and sit outside the rail and the Defendant sitting at the counsel table, and there is only a chain protecting his feet, and there is no occasion for him at this point to be parading around the Courtroom."

\* \* \* \* \* \*

"Anytime there is an occasion for the Defendant to get up and walk to where it would indicate to the jury that cannot see his feet or see the chain at this point, if there is an occasion for him to get up, I will ask that such will be brought to the Court's attention and I will excuse the jury, or jury panel—whichever may be the case—and he will be excluded from the Courtroom after they have gone out. There will be no showing of the walking, or anything, and he will remain as he is

now, secured. Your motion is denied, counsel."

The minimal precautions by the trial court were unsuccessful. After the verdict, the jury was polled if they had seen the shackles and four of them indicated that they had seen the leg irons. They stated that this fact did not affect their verdict.

■ Generally, a defendant has a right to be tried without being shackled or handcuffed. *Gray v. State*, 99 Tex.Cr.R. 305, 268 S.W. 941 (1925). This often cited case states:

"We desire to make it perfectly plain that we regard a trial with the prisoner in irons as obnoxious to the spirit of our laws and all ideas of justice, and it is only when the record brings the case clearly within one of rare exceptions that we would consent for a conviction to stand. Before a judge should permit a case to proceed under these circumstances, he should be very sure of his ground. Id., at 950.

The Court goes on to say:

"... if, in the sound discretion of the Court, it appears necessary to retain his shackles to prevent the escape or self-destruction of the prisoner, or to prevent him from injuring bystanders, or officers of the Court, or if necessary to maintain a quiet and peaceable trial, the Court may try the prisoner without having the shackles removed; his action being subject to the *closest scrutiny and review* by the appellate court." Id., at 949 (emphasis added)

There is a further requirement. "[The] [t]rial court should make the record affirmatively reflect the precautions taken, including all bodily restraints placed upon the defendants together with his reasons for permitting the same. Such reasons should not be in general terms, but should reflect why the particular precautions taken in each case were required by particular conduct past or current on the part of the defendant." *Walthall v. State*, 505 S.W.2d 898, 899 (Tex.Cr.App.1974).

In recent years, the Court of Criminal Appeals has held that it is permissible to have the defendant handcuffed or shackled during trial in some situations mentioned in *Gray v. State, supra.* These situations arise when the defendant has either attempted or actually accomplished prior escapes, *Thompson v. State*, 514 S.W.2d 275 (Tex.Cr.App. 1974); when the defendant threatens violence in the courtroom, *Freeman v. State*, 556 S.W.2d 287 (Tex.Cr.App.1977); when the defendant's actions disrupt the trial, *Kimithi v. State*, 546 S.W.2d 323 (Tex.Cr. App.1977); when it is necessary to prevent the defendant from injuring himself, *Ex Parte Slaton*, 484 S.W.2d 102 (Tex.Cr.App. 1972); and when the defendant has previously assaulted police officers or the bailiff, *Morris v. State*, 382 S.W.2d 259 (Tex.Cr. App.1964). See also: *Romero v. State*, 493 S.W.2d 206 (Tex.Cr.App.1973); *Ex Parte Clark*, 545 S.W.2d 175 (Tex.Cr.App.1977).

■ The justification for the shackles in this case was the threat of an escape. The record is void of any particular conduct on the part of the defendant, past or present, in this regard, other than a general and vague reference that he tried to escape from jail.

■ The constitutional right to the presumption of innocence and the right to a fair trial should be jealously guarded by the court. We are of the opinion these rights were violated in this case and that the trial court abused its discretion in allowing the shackles.

The judgment is reversed and the case remanded for a new trial.