**Walter LYONS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0578–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 2, 1984.

Discretionary Review Refused
June 27, 1984.

Douglas O'Brien, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before JACK SMITH, BULLOCK and COHEN, JJ.

## OPINION

COHEN, Justice.

Appellant was convicted by a jury of aggravated kidnapping, and the trial court assessed his punishment at 60 years incarceration. He brings two grounds of error on appeal.

In his first ground, appellant alleges that the trial court erred in·refusing to admit certain testimony excluded pursuant to the State's motion in limine.

The complainant testified that she had never met appellant before he attacked her in a shopping center parking lot and kidnapped her, threatening to kill her if she did not cooperate with his sexual demands. However, appellant testified that he met the complainant about six weeks before the alleged kidnapping incident, and that they had several dates, although both were married. He said that the complainant called him on the day in question and arranged to meet him in the shopping center parking lot. He denied making any sexual demands or threatening her.

The State made a motion in limine at the beginning of the trial to prevent the defense from referring to certain out-of-court statements made by appellant to a co-worker. In its bill of exceptions, the defense called the co-worker to the stand to testify that appellant had, during the six weeks prior to the incident, told him daily about a woman he had met whose name was Rose, the same first name as the complainant. He said appellant told him they had been to each other's houses and to clubs together. The co-worker's testimony matched appellant's account of the relationship between appellant and the complainant prior to the incident.

The court sustained the State's objections of hearsay and bolstering, and refused to admit the testimony before the jury. Hearsay is defined as testimony regarding an out-of-court statement offered to prove the truth of the matters asserted therein. *Phenix v. State*, 488 S.W.2d 759 (Tex.Cr.App.1972). Appellant argues that the testimony was not hearsay, because it was offered to show the date the statements were made, and not to prove the facts stated therein. We disagree. Appellant did not limit his offer of the co-worker's testimony; it was offered for all purposes. Consequently, it was hearsay.

The cases relied on by appellant are distinguishable. All affirmed judgments of conviction. *Phenix v. State, supra,* and *Christ v. State*, 480 S.W.2d 394 (Tex.Cr. App.1972) both held that any error in admitting the State's written hearsay evidence was waived by failure to object, and that any error was harmless because of the existence of other evidence proving the truth of the matters asserted. Neither case held that evidence of prior conversations was admissible. *Valerio v. State*, 494 S.W.2d 892 (Tex.Cr.App.1973) held only that the contents of Miranda warnings given to the defendant were not hearsay.

A much stronger case than the instant one for the admission of such evidence is *Cazares v. State*, 488 S.W.2d 455 (Tex.Cr. App.1972). In that case the defendant claimed he was framed by the policeman who arrested him for possession of heroin because he had refused to become a police informant. The defendant sought to introduce testimony from his probation officer about conversations they had prior to the defendant's arrest on the heroin charge, in which the defendant told his probation officer about threats he had received from the policeman. The court held that such evidence was inadmissible bolstering:

The rule in Texas is that the accused may not bolster his cause by self-serving declarations, whether oral or written, and whether uttered before or after the offense charged, unless they come under some exception, such as: (1) being part of the res gestae, (2) or being necessary to explain or contradict acts of declarations first offered by the state, (3) or

part of a statement or conversation previously proved by the state, (4) or being an exculpatory explanation of possession of stolen property when such possession is first challenged.

488 S.W.2d 455, 457.

Appellant's excluded evidence in the case at bar does not fit within any exception to the general rule against bolstering listed above. The co-worker's testimony was properly excluded under *Cazares v. State, supra.* The first ground of error is overruled.

In his second ground of error, appellant argues that his constitutional right to a presumption of innocence was violated because members of the jury observed him in handcuffs returning from a lunch recess. Appellant moved for a mistrial, which was denied. He also made a motion for new trial, and produced five jurors who testified that they observed him in handcuffs one time for a period estimated at 15 seconds or less.

 Generally, a defendant has a right to be tried without being handcuffed. *Penn v. State,* 628 S.W.2d 179 (Tex.App.—Corpus Christi, 1982, pet. ref'd). A defendant's constitutional presumption of innocence is infringed when the jury sees him in handcuffs. *Moore v. State,* 535 S.W.2d 357 (Tex.Cr.App.1976). Where the record does not affirmatively reflect sufficient reasons for the defendant to be viewed by the jurors in handcuffs, the cause must be reversed and remanded. *Moore, supra.*

 Appellant was returned from lunch on the second day of trial in the custody of the bailiff. He was dressed in street clothes, as he was throughout the trial, with the handcuffs showing under the coat he was wearing. He was being transferred from the county jail to the "annex court," located one-fourth of a mile away in a different building. As appellant stepped off the elevator, the jurors saw the handcuffs as he was escorted to a holdover room. Five jurors said they saw appellant handcuffed on this one occasion, but none heard the fact discussed by fellow jurors, and all stated that it did not affect their deliberations. Appellant immediately moved for a mistrial, which was denied.

The cases relied on by appellant are distinguishable. In *Moore v. State, supra,* the defendant was deliberately brought into the courtroom in handcuffs on five occasions in view of the entire jury. This repeated and intentional violation of the rule against exhibiting a defendant in handcuffs required a reversal. *Penn v. State, supra,* is distinguishable because the defendant was required to wear leg irons in the presence of the entire jury throughout the trial. Nothing comparable to such a flagrant, pervasive and unexcused violation of the rule occurred in the instant case.

In *Coleman v. State,* 642 S.W.2d 205 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd), the handcuffed defendant was observed by a juror in the hallway as the bailiff led him from the elevator to the courtroom. The juror stated that the incident did not influence her verdict, that she never mentioned it to any other juror, and that no juror mentioned it during deliberations. The court ruled that such an accidental glimpse of the defendant by one juror was not sufficiently prejudicial to require reversal. The court relied on *Wright v. Texas,* 533 F.2d 185 (5th Cir.1976), which held that it was reasonable to handcuff a defendant being transported to and from the courtroom, especially one charged with a serious violent crime, as was the appellant herein. The prejudice arising from the inadvertent glimpse of the defendant by a juror could be cured by a proper instruction, the court stated. *Accord, Garcia v. State,* 634 S.W.2d 888, 893 (Tex.App.—San 1982, no pet.). No such instruction was sought herein, only a mistrial. We agree with and will follow these authorities. Appellant's second ground of error is overruled.

The judgment is affirmed.

Publish. Tex.Crim.App.R. 207.