*121
 
 OPINION
 

 LEVY, Justice.
 

 A jury convicted appellant of arson and assessed punishment, enhanced by two pri- or felony convictions, at confinement for 40 years. Appellant brings 'this appeal on four grounds of error.
 

 On June 14, 1984, a fire was reported in the apartment of appellant’s brother, where appellant was then residing. Upon entering the apartment, firemen found fires burning in three separate locations and a trail of partially burned newspapers. The fires were determined to be incendiary in nature. Firemen also observed what may have been a suicide note written on a bathroom wall.
 

 Appellant, present at the scene, was taken into custody and made a statement to investigators admitting that he set the fires. This statement and appellant’s testimony at trial established that because of depression over employment and marital difficulties, appellant started the fires by lighting newspaper at the gas stove and igniting piles of papers he had placed in various locations in the apartment. He retired to the bedroom, having previously written the note on a wall, and lay down on the bed. Upon further reflection, appellant experienced a change of heart and broke out of a second story window. He met with the apartment manager who was en route to investigate and reported that he had set the fire. Damages to the apartment, in the nature of burned carpeting, drapery, and smoke damage to the walls, were estimated at about $2,500.
 

 Appellant remained in custody pending trial. A psychiatric examination reported him competent to stand trial.
 

 Appellant by his first ground contends that there was insufficient evidence to find him guilty of arson, in that the State failed to carry its burden of proving specific intent to commit the offense because his intent was to commit suicide, not arson.
 

 Conviction was based on Tex.Penal Code Ann. sec. 28.02(a)(4) (Vernon Supp. 1986), providing that a person commits an offense if he starts a fire with intent to destroy or damage any building or habitation, knowing that it is located on property belonging to another. The statute thus requires that appellant act with the specific intent to damage or destroy the building or habitation.
 
 Romo v. State,
 
 593 S.W.2d 690, 693 (Tex.Crim.App.1980);
 
 Beltran v. State,
 
 593 S.W.2d 688, 689 (Tex.Crim.App.1980). “A person acts
 
 intentionally
 
 with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.”
 
 Romo,
 
 593 S.W.2d at 693; (emphasis added.)
 
 Beltran,
 
 593 S.W.2d at 689;
 
 Miller v. State,
 
 566 S.W.2d 614, 618 (Tex.Crim.App.1978); Tex.Penal Code Ann. sec. 6.03(a) (Vernon 1974). Intent can be inferred from the acts, words, and conduct of the accused, though in an arson case it cannot be inferred from the mere act of burning.
 
 Romo,
 
 593 S.W.2d at 693;
 
 Beltran,
 
 593 S.W.2d at 689;
 
 Miller,
 
 566 S.W.2d at 618.
 

 In the case at bar, appellant, by his written statement and in his testimony, admitted that he decided to burn the apartment, that he prepared and set fires in various locations and that he intended to trap himself in the burning apartment in order to commit suicide. On cross-examination, he answered “Yes” to the question, “But you wanted the entire apartment to burn, yes or no, please?” His testimony is otherwise rather confused in that he stated that he intended to burn the apartment but did not intend to destroy it, although such result would logically follow.
 

 Although “intent” or “purpose” is not synonymous with “motive,” the intent to commit suicide is closely akin under these facts to a motive for a purposeful act of arson. “Intent, in its legal sense, is quite distinct from motive. It is defined as the purpose to use a particular means to effect a certain result. Motive is the reason which leads the mind to desire that result.”
 
 United Fidelity Life Insurance Co. v. Adair,
 
 29 S.W.2d 940, 943 (Tex.Civ.App.—
 
 *122
 
 Amarillo 1928),
 
 aff'd,
 
 29 S.W.2d 944 (Tex. Comm’n App.1930, judgmt. adopted).
 

 Nevertheless, appellant purposefully laid and set the fires, and it was his conscious desire to set the apartment on fire, even if the ultimate result he originally intended to accomplish was suicide. In deciding sufficiency of the evidence questions, this Court views the evidence in the light most favorable to the verdict.
 
 Combs v. State,
 
 643 S.W.2d 709, 716 (Tex.Crim.App.1982). There is sufficient evidence in the record from which, viewed in the light most favorable to the verdict, the jury could have reasonably concluded that appellant intended to destroy the apartment as well as himself.
 

 The first ground of error is overruled.
 

 By his second ground of error, appellant contends that the trial court erred in refusing an instruction on the lesser included offense of criminal mischief.
 

 [I]n determining whether a charge on a lesser included offense is required, a two step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.
 

 Royster v. State,
 
 622 S.W.2d 442, 446 (Tex.Crim.App.1981) (op. on reh’g, en banc) (citation omitted);
 
 Wilson v. State,
 
 646 S.W.2d 472, 473 (Tex.App.—Houston [1st. Dist.] 1982, no pet.).
 

 The State directs our attention to
 
 Sanders v. State,
 
 664 S.W.2d 705 (Tex.Crim.App.1982), as analogous authority for the proposition that criminal mischief is not a lesser included offense of arson because the former requires proof of value of property damaged or destroyed. In
 
 Sanders,
 
 appellant challenged his conviction for theft from the person, a felony. Evidence showed the value of property taken to be about $19. In its original opinion, the court reversed on the grounds that misdemeanor theft of property was a lesser included offense within the meaning of Tex.Code Crim.P.Ann. art. 37.09(2) (Vernon 1981).
 
 [1]
 
 On rehearing, the court affirmed the conviction and determined that appellant was not entitled to a charge on misdemeanor theft. The court held:
 

 [T]he value of the property stolen is an essential element of the offense when it is made the basis of punishment and theft
 
 from the person
 
 is an essential element of the offense when it is made the basis of punishment....
 

 This being so, [misdemeanor theft] does not differ from [felony theft from the person],
 
 only
 
 in the respect that a less serious risk of injury to the same person suffices to establish the commission of [misdemeanor theft]. Less serious risk of injury does not alone suffice. Value ... also must be shown. Accordingly, the appellant was not entitled to a charge....
 

 Sanders,
 
 664 S.W.2d at 709 (emphasis in original).
 

 Applying this rationale to the case at bar, we find no support for the contention that criminal mischief is a lesser included offense of arson. In
 
 Romo,
 
 appellant contended that criminal mischief was a lesser included offense of arson. The court observed, “[generally, the penalty attached to the offense of criminal mischief depends on the amount of pecuniary loss suffered by the property owner as a result of the defendant’s criminal act.”
 
 Romo,
 
 593 S.W.2d at 695. The court then observed that under the facts in
 
 Romo,
 
 appellant’s act of starting a jailhouse fire would have constituted an impairment of a public service, regardless of the stipulated amount of pecuniary loss, thus constituting a different offense under the criminal mischief statute.
 
 Id.
 
 at 695-96;
 
 see also
 
 Tex. Penal Code Ann. sec. 28.03(b)(4)(B) (Vernon Supp.1986).
 

 
 *123
 
 Under the
 
 Sanders
 
 rationale, an offense charged under sec. 28.03(a)
 
 [2]
 
 will always include an allegation under sec. 28.03(b), which determines the degree of penalty prescribed by the amount of pecuniary loss or by certain prescribed conduct without regard to loss.
 
 See
 
 Tex.Penal Code Ann. art. 28.03. In effect, without an allegation under paragraph (b), a range of punishment could not be determined. An indictment may be insufficient to charge an offense for failure to allege loss where the extent of the injury is an essential element of the offense.
 
 See Williams v. State,
 
 596 S.W.2d 862, 864 (Tex.Crim.App.1980);
 
 Ex parte Roberts, 522
 
 S.W.2d 461 (Tex.Crim.App.1975);
 
 Jones v. State,
 
 377 S.W.2d 205 (Tex.Crim.App.1964).
 

 Without evidence of the amount of loss, the offense charged is unsupported.
 
 See In re M.T.B.,
 
 567 S.W.2d 46 (Tex.Civ.App.-El Paso 1978, no writ) (juvenile delinquency proceeding based on sec. 28.03). Because the amount of loss is therefore an essential element of criminal mischief and is not included within the proof necessary to establish the offense of arson, appellant’s contention fails under the first step of the analysis.
 

 Appellant’s second ground of error is overruled.
 

 Appellant by his third ground contends that he was denied a speedy trial under U.S. Const, amend. VI, Tex. Const, art. I, sec. 10, and the Speedy Trial Act, Tex.Code Crim.P.Ann. art. 32A.02 (Vernon Supp. 1986). Appellant was taken into custody on June 14, 1984, and brought to trial March 4, 1985, some nine months later.
 

 Under the U.S. Constitution, the United States Supreme Court has formulated a balancing test in which the conduct of both the prosecution and the defendant [is] weighed.
 
 Barker v. Wingo,
 
 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101 (1972). Texas has adopted this test,
 
 Phipps v. State,
 
 630 S.W.2d 942, 946 (Tex.Crim.App.1982), delineating the factors as: 1) the length of delay; 2) the reason for the delay; 3) defendant’s assertion of his right; and 4) prejudice to the defendant.
 
 See Barker,
 
 407 U.S. at 530, 92 S.Ct. at 2191. The factors are inter-related and must be considered with such other circumstances as may be relevant.
 
 See Barker,
 
 407 U.S. at 533, 92 S.Ct. at 2193. In determining prejudice, which the accused must show, the factors to be considered are: a) prevention of oppressive pretrial incarceration; b) minimizing anxiety and concern of the accused; and c) limiting the possibility that the delay will impair the ability of the accused to defend himself.
 
 See Barker,
 
 407 U.S. at 532, 92 S.Ct. at 2192;
 
 Phipps,
 
 630 S.W.2d at 946.
 

 Appellant made no showing in his brief or in the record, other than a bare allegation in his motion to dismiss, of any prejudice caused by the delay, and did not assert his speedy trial rights until the day of trial. The reasons for the previous delay were, in part, for a psychiatric examination to determine competency and, in part, by agreed resettings. The total length of delay was about nine months.
 
 Compare Barker,
 
 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (10 months in custody; 5 year delay held not unconstitutional).
 

 The Texas Speedy Trial Act addresses itself to prosecutorial delay rather than the judicial process as a whole.
 
 Phillips v. State,
 
 659 S.W.2d 415, 419 (Tex.Crim.App.1983);
 
 see Barfield v. State,
 
 586 S.W.2d 538, 541 (Tex.Crim.App.1979). Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the State must declare its readiness for trial then and at the times required by the Act.
 
 Barfield,
 
 586 S.W.2d at 542. The State must be ready within 120
 
 *124
 
 days of the commencement of a felony action. Tex.Code Crim.P.Ann. art. 32A.02, sec. 1(1). A timely announcement of “ready” is a prima facie showing that the State is ready for trial, and upon such declaration the burden shifts to the defense to show otherwise.
 
 Phillips,
 
 659 S.W.2d at 419. This declaration can be rebutted by evidence submitted by the defendant demonstrating that the State was not
 
 actually
 
 ready for trial during the Act’s limits.
 
 Barfield,
 
 586 S.W.2d at 542.
 

 The record reflects that the State first announced ready on July 19, 1984, a period well within the 120-day limit. When the motion to dismiss was filed on March 4, 1985, the State announced that it was ready and had been ready since June 14, 1984, when the complaint was filed. Appellant presented no evidence in rebuttal, wholly failing to meet his burden of disproving the State’s announcement.
 

 Furthermore, the record reflects a series of agreed resettings. With the exception of the last agreed setting, all agreed settings were filed on or before the date previously set by mutual agreement and signed by defense counsel. The total period not covered by agreed settings is about 19 days. During the nine month period, the State announced ready twice before trial.
 

 Tex.Code Crim.P.Ann. art. 32A.02 sec. 4(3) provides:
 

 In computing the time by which the state must be ready for trial, the following periods shall be excluded:
 

 (3) a period of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel....
 

 Delays resulting from agreed resettings are thus clearly excluded from the computation of the statutory period.
 
 Orellana v. State,
 
 686 S.W.2d 703, 704 (Tex.App.-Corpus Christi 1985, pet. granted);
 
 Garcia v. State,
 
 625 S.W.2d 831, 833 (Tex.App.—Houston [14th Dist.] 1981, pet. ref’d).
 

 Appellant’s third ground of error is overruled.
 

 Appellant in his fourth ground contends that he was denied due process because the trial court refused to hear evidence that members of the jury may have seen appellant in handcuffs and leg shackles during a lunch recess.
 

 The sole authority cited is
 
 Ex parte Slaton,
 
 484 S.W.2d 102 (Tex.Crim.App.1972). In that case, a writ of habeas corpus was granted based on a stipulation that petitioner was tried in handcuffs and a jail uniform over his objections. The court held that in order for a federal constitutional error to be harmless, the court must be able to declare its belief that it was harmless beyond a reasonable doubt.
 
 Id.
 
 at 105. This it was unable to do.
 

 The case at bar is factually distinguishable. Here the appellant was allegedly observed in handcuffs and shackles during transport for a lunch recess, rather than in trial. The record reflects that the State denied the use of handcuffs and shackles, but admitted that a leg brace was used that was not visible or identifiable as a custodial device. The court did not see it, and overruled appellant’s first motion to dismiss the panel and make a record. The second motion, presenting the information discussed here, did not request a record, but only moved for mistrial or dismissal of the panel.
 

 We have twice ruled on similar cases.
 
 Smith v. State,
 
 675 S.W.2d 300 (Tex.App.—Houston [1st Dist.] 1984, pet. ref’d);
 
 Lyons v. State,
 
 668 S.W.2d 767 (Tex.App.—Houston [1st Dist.] 1984, pet. ref’d);
 
 see also Coleman v. State,
 
 642 S.W.2d 205 (Tex.App.—Houston [14th. Dist.] 1982, pet. ref’d). There, defendants were inadvertently observed in custodial restraints during recesses. In
 
 Lyons,
 
 we held that the prejudice arising from the inadvertent glimpse of the defendant by a juror could be cured by a proper instruction. No such instruction was sought, only a mistrial.
 
 Lyons,
 
 668 S.W.2d at 769;
 
 see also, Wright v. Texas,
 
 533 F.2d 185 (5th Cir.1976). Here appellant failed to request any curative instruction.
 

 
 *125
 
 The fourth ground of error is overruled, and the judgment of the trial court is affirmed.
 

 [1]
 

 . Article 37.09(2) provides:
 

 "An offense is a lesser included offense if:
 

 (2) it differs from the offense charged
 
 only
 
 in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its
 
 commission_"
 
 (Emphasis added.)
 

 [2]
 

 . Sec. 28.03(a) provides:
 

 (a) A person commits an offense if, without the effective consent of the owner:
 

 (1) he intentionally or knowingly damages or destroys the tangible property of the owner; or
 

 (2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person.