IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00313-CR

No. 10-06-00314-CR

 

Michael Larkin,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court Nos. FISC-05-17710
and FO-06-18232

 



ABATEMENT ORDER










 

          Appellant’s
brief is overdue in these appeals.  

 

          Therefore, we abate these appeals to
the trial court to conduct a hearing within 30 days of the date of this Order
pursuant to Texas Rule of Appellate Procedure 38.8(b)(2) and (3).  Tex. R. App. P. 38.8(b)(2), (3).

          Supplemental Clerk’s and Reporter’s
Records are ordered to be filed within 45 days of the date of this Order.  See
id.

 

                                                                   PER
CURIAM

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Appeals
abated

Order
issued and filed May 2, 2007

Do
not publish






 style='mso-bidi-font-weight:
normal'>No. 10-02-00321-CR

No.
10-02-00322-CR

No.
10-02-00323-CR

No.
10-02-00324-CR

No.
10-02-00325-CR

 

Wayne Owen Stubblefield,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court Nos. 16370, 16421, 16422, 16423
and 16424

 



MEMORANDUM 
Opinion



 








        This appeal concerns five convictions for
aggravated assault.  See Tex. Penal Code Ann.
§ 22.02(a) (Vernon Supp. 2004). 
We will affirm.

      In his sole issue, Appellant contends that
the trial court erred in sustaining the State’s objection to evidence of
statements that Appellant made to police sometime after his arrest.  At trial, Appellant argued that the
statements were admissible as exceptions to the hearsay rule, see Tex.
R. Evid. 802, as a “[s]tatement of his penal interest,” cf. id. 803(24) (“statements against
interest”).  He also argued that the
statements were admissible as statements of Appellant’s then existing mental,
emotional, or physical condition.  See id. 803(3).  Appellant also apparently argued that the
statements were admissible under Texas’s confession statute.  See
Tex. Code Crim. Proc. Ann. art.
38.22, § 3 (Vernon Supp. 2004). 
On appeal, Appellant contends that the statements were “res gestae of the arrest” and “necessary
to explain or contradict actions and declarations first offered by the State”
(emphasis in orig.) (citing Cazares v.
State, 488 S.W.2d 455, 457 (Tex. Crim. App. 1972)).  Neither of these theories of admissibility
comports with his theories for admission argued at trial.  See
Tex. R. App. P. 33.1(a); Routier v. State, 112 S.W.3d 554, 586
(Tex. Crim. App. 2003), cert. denied, 124
S. Ct. 2157 (2004); Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1999) (op. on

reh’g).  Accordingly, Appellant forfeits his
complaint.  See id.  We overrule
Appellant’s issue, and affirm the judgment.

TOM
GRAY

Chief Justice

Before Chief Justice Gray,

      Justice
Vance, and

      Justice Reyna

Opinion
delivered and filed September 29, 2004

Affirmed

Do
not publish

[CR25]