Affirmed and Memorandum Opinion filed May 20, 2010



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00329-CR



 

Alan Terence Scruggs, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 18th District
Court

Johnson County, Texas

Trial Court Cause No. F37681



 

MEMORANDUM  OPINION

 

A jury found appellant, Alan Terence
Scruggs, guilty of arson.  See Tex. Penal Code Ann. § 28.02 (Vernon
Supp. 2009).  The jury assessed punishment at 13 years’ confinement in the
Institutional Division of the Texas Department of Criminal Justice.  In a
single issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.  We affirm.

Factual
and Procedural Background

In 2003, Penny Thompson rented a
farmhouse near Grandview, Texas where she met appellant who was working as a
handyman on the house.  Thompson’s relationship with appellant soured and she
made plans to move out of the house.  

On the day of the fire, Thompson, along
with several friends and relatives, began moving Thompson’s possessions out of
the house.  Appellant arrived at the house and told Thompson to remove all of
her belongings because he was “going to torch the place.”  According to several
witnesses, when Thompson began packing her things, appellant became agitated
and began hitting his head against the walls of the house.  Two of Thompson’s
sons attempted to calm appellant by escorting him outside.  Appellant, however,
failed to calm down and returned to the house.  He walked into the kitchen,
grabbed a piece of paper, walked into the dining room, lit the paper, and threw
it onto a folded roll-a-way mattress positioned next to an interior wall.  As
he threw the paper onto the mattress, appellant said, “See, Penny, I told you
I’d do it.”

When the mattress caught fire,
appellant walked into a nearby bathroom and picked up a plastic bucket used to
catch water draining from the sink.  Appellant returned to the dining room,
said, “Here, I’ll help,” and threw the contents of the bucket onto the
mattress.  When the liquid reached the fire, the flames immediately engulfed
the mattress and spread to the nearby wall.  Thompson’s sons attempted to roll
the mattress out of the house, but were unable to move it past the living
room.  Thompson remembered that a propane tank was being stored in the living
room and warned everyone to evacuate the house.  After everyone was safely outside,
an explosion occurred and the house was engulfed in flames.  Appellant turned
to Thompson as they watched the house burn and said, “You’re next.”

Appellant was subsequently arrested
and convicted of arson.

Legal and
Factual Sufficiency of the Evidence

In a single issue, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction.  When reviewing legal sufficiency, we view all the evidence in the
light most favorable to the verdict and then determine whether a rational jury could
have found the essential elements of the crime beyond a reasonable doubt.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  The jury, as the trier-of-fact,
is the sole judge of the credibility of witnesses.  See Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988).  The jury chooses whether to
believe all or part of a witness’s testimony.  See id.  We do not engage
in a second evaluation of the weight and credibility of the evidence, but only
ensure the jury reached a rational decision.  Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993).

In a factual sufficiency review, we consider all the
evidence in a neutral light. Prible v. State, 175 S.W.3d 724, 730–31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered by itself, the evidence
supporting the verdict may be so weak that the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In conducting
a factual sufficiency review, we must employ appropriate deference so we do not
substitute our judgment for that of the fact finder.  Jones v. State,
944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must consider the
evidence appellant claims is most important in allegedly undermining the jury’s
verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Appellant argues that the evidence is legally and
factually insufficient to support his conviction because the evidence only
proves that appellant caused a fire to the mattress, but that he did not intend
to destroy the house.

A person commits arson if the person starts a fire,
regardless of whether the fire continues after ignition, or causes an explosion
with intent to destroy or damage any building, habitation, or vehicle.  Tex.
Penal Code Ann. art. 28.02(a)(2) (Vernon Supp. 2009).  A person commits arson
with specific intent to damage or destroy a building, habitation, or vehicle if
it is the person’s conscious objective or desire to engage in the conduct or
cause the result.  Beltran v. State, 593 S.W.2d 688, 689 (Tex. Crim. App.
1980); Prejean v. State, 704 S.W.2d 119, 121 (Tex. App.—Houston [1st
Dist.] 1986, no pet.).  While intent may not be inferred from the mere act of
burning, it may be inferred from the defendant’s acts, words, and conduct.  Beltran,
593 S.W.2d at 689.

In this case, the jury may have inferred that
appellant intended to damage or destroy the house based on the following
evidence:

·       
Appellant was agitated and told Thompson to remove all her
possessions because he was “going to torch the place.”

·       
After lighting the mattress on fire, appellant said, “See, Penny,
I told you I’d do it.”

·       
Appellant threatened Thompson after the house was engulfed in
flames.

·       
Appellant made no attempt to stop the fire other than pouring the
unknown liquid, which accelerated the fire.

Viewing the evidence in the light most favorable to
the verdict, we conclude that a rational trier-of-fact could have found beyond
a reasonable doubt that appellant had the specific intent to damage or destroy
the house when he started the fire.

In arguing that the evidence is factually
insufficient, appellant argues that when he poured the unknown liquid he was
attempting to douse the fire.  He further contends that he helped Thompson’s
sons attempt to remove the burning mattress from the house.  With regard to the
unknown liquid, each of the witnesses at trial testified that the water
pressure in the house was so low there would have been no time to fill a bucket
with water.  They also testified that the bucket appellant took from the
bathroom was used to collect waste from the bathroom sink.  The waste included
water and any other chemical used in the sink.  Further, each of the witnesses
testified that appellant did not aid Thompson’s sons in their attempt to remove
the mattress from the house.

Viewing the evidence in a neutral light, we conclude
that the evidence is not so weak that the jury’s verdict is clearly wrong and
manifestly unjust or that the verdict is against the great weight and
preponderance of the evidence.  See Watson v. State, 204 S.W.3d 404,
414–15 (Tex. Crim. App. 2006).  Appellant’s issue is overruled.

The judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson, Frost, and Seymore.

Do Not Publish — Tex. R. App. P. 47.2(b).